IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEDRIC HAYES,** | : | CIVIL NO. 1:CV-10-2119 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **RICARDO MARTINEZ,** | : | |
| Respondent | : | |

**MEMORANDUM**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Dedric Hayes ("Hayes"), an inmate currently incarcerated at the United States Penitentiary at Allenwood, Pennsylvania. Hayes is challenging the Federal Bureau of Prisons' ("BOP") calculation of his federal sentence. The petition was served, and a response has been filed thereto. Hayes has not submitted a traverse. The petition is now ripe for disposition and, for the reasons that follow, will be denied.

**I.   Background**

On February 26, 2003, Hayes was arrested by authorities in Pennsylvania and charged with Fleeing or Attempting to Elude Police and with violating the conditions of probation. (Doc. No. 12-1, Ex. A, Farr Decl. ¶ 7; Attach. A.) Following his arrest, he was placed in the Franklin County Jail, Pennsylvania. The State had primary jurisdiction over Hayes.

On March 19, 2003, Hayes was turned over to the custody of Drug Enforcement Agents, although the method of transfer is not clear. (Id. ¶ 8.) There is no evidence to indicate that the United States Marshals requested Hayes' presence in federal court via a writ of habeas corpus.

On June 11, 2003, Hayes appeared in the Franklin County Court of Common Pleas, Pennsylvania. He was sentenced at that time to a prison term of 21 to 84 months for Aggravated

Assault and Criminal Conspiracy.  The court specifically stated that it had no objection to the federal sentence running concurrent.  (Id. ¶ 9; Ex. A, Attach. 4.)

On October 31, 2003, Hayes again appeared in the Franklin County Court of Common Pleas where he was sentenced in another state criminal action to a prison term of 3 to 24 months for Recklessly Endangering Another Person, Possession of Small Amount [of marijuana], and Driving Under Suspension.  The sentence was ordered to commence on the expiration of the state sentence imposed on June 11, 2003.  It was further ordered that the sentence shall be served concurrently with any federal sentence yet to be imposed on pending charges.  (Id. ¶ 10; Ex. A, Attach. 5.)

On March 25, 2004, Hayes was sentenced in the United States District Court for the Middle District of Pennsylvania to a term of 176 months for Distribution and Possession with Intent to Distribute Crack Cocaine.  He was then remanded to the custody of the United States Marshals.  (Id. ¶ 11; Ex. A, Attach. 6.)  On April 7, 2004, he was designated to USP-Allenwood for service of the federal 176 month sentence.  (Id. ¶ 12, Ex. A, Attach. 7.)  He arrived at USP-Allenwood on April 9, 2004.

On May 19, 2004, in calculating Hayes' sentence computation, USP-Allenwood staff became aware that Hayes had originally been arrested by non-federal authorities.  They contacted Pennsylvania state officials to verify this information.  It was agreed by BOP officials and the Franklin County District Attorney that Hayes should be a state inmate, and should be returned to state custody.  He was returned to state custody on May 19, 2004, the same day. (Doc. No. 12-1, Farr Decl. ¶ 15; Ex. A, Attach. 8.)

On July 6, 2004, Hayes was remanded to the custody of the Pennsylvania Department of

Corrections for service of his state sentence. (Id. ¶16; Ex. A, Attach. 10.) His sentence computation was prepared and showed that he had a total sentence of 2-9 years to be served. His sentence was calculated to commence on June 11, 2003, with no credit given for any time spent in custody prior to sentencing. (Id.)

Hayes was paroled from his state sentence to the custody of the United States Marshals on July 26, 2005. On September 29, 2005, he was delivered to the BOP for service of his 176-month federal sentence. (Id. ¶ 17, Ex. A, Attach. 10 at 1.) A sentence computation was prepared which revealed that Hayes' federal sentence commenced on July 26, 2005, the date he was paroled from his Pennsylvania state sentence. Hayes received prior custody credit from February 26, 2003 (the date he was arrested by Pennsylvania authorities) through June 10, 2003 (the day before he was sentenced in the Franklin County Court on the aggravated assault charges). (Id.  ¶ 19; Ex. A, Attach. 11.)

On November 29, 2006, the Judgment and Commitment order was amended with respect to Hayes' federal conviction/sentence in the United States District Court for the Middle District of Pennsylvania. The amendment read as follows: "The court makes the following recommendations to the Bureau of Prisons: that the BOP give the defendant credit for time served in Federal Custody beginning on March 20, 2003"). (Id. ¶ 20; Ex. A, Attach. 12.) The federal judgment that was originally issued in the federal case on March 25, 2004 was silent with respect to how the federal sentence was to run. 18 U.S.C. § 3584(a) provides that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders the terms are to run concurrently." Because the federal court did not order Hayes' sentence to be run concurrent to any other sentence, the November 29, 2006 recommendation was ultimately not

followed by the BOP. On August 5, 2010, the United States District Court for the Middle District of Pennsylvania issued an order granting a motion filed by Hayes for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), and reducing his term of imprisonment from 176 to 141 months. (Id. ¶ 23, Ex. A, Attach. 13.)

Following the filing of the instant habeas petition, the Designation and Sentence Computation Center conducted a review of Hayes' sentencing documentation with respect to his state and federal sentences on December 6, 2010. Following this review, Hayes' federal sentence computation was adjusted to commence on March 25, 2004 (the date that it was imposed) based on the federal court's recommendation of November 29, 2006. (Id. ¶ 26; Ex. A, Attach. 14 at 2.) No change was made with respect to the award of prior custody. Hayes is currently scheduled to be released via good conduct time on March 6, 2014. In the instant petition, Hayes seeks additional credit toward his federal sentence in the form of prior custody credit for the time period beginning April 7, 2004. For the reasons that follow, his position is not well-taken.

**II.   Discussion**

A petition for writ of habeas corpus under § 2241 is the proper vehicle for relief "where petitioner challenges the effect of events 'subsequent' to his sentence," Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the execution of his sentence rather than its validity, see Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Thus, Hayes has properly invoked section 2241 to challenge the determination of sentencing credit by the BOP and has done so in the proper district, where he is imprisoned. Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

The Attorney General is responsible for computing federal sentences for all offenses committed after November 1, 1987, 18 U.S.C. § 3585; United States v. Wilson, 503 U.S. 329, 331-32 (1992), and the Attorney General has delegated this authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96.  Computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of the following two-step process: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which petitioner may be entitled.  Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa. 1996).

A.     **Commencement of Sentence**

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).  In determining the commencement of a sentence, it is therefore clear that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody. . . ." 18 U.S.C. § 3585(a).  "As a result, a federal sentence cannot begin to run earlier than on the date on which it is imposed.  See United States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998)." Taylor v. Holt, 309 F. App'x 591, 592-93 (3d Cir. 2009).

In the instant matter, Hayes was arrested and taken into state custody on February 26, 2003.  On March 19, 2003, he was placed in the custody of the Marshals Service.  On June 11, 2003, he was sentenced on the state charge.  On March 25, 2004, Hayes received his federal sentence.  On April 7, 2004, he was designated to USP-Allenwood, but returned to state custody on May 19, 2004, after it was determined that his state sentence was still outstanding.  On July 6, 2004, he was committed to the Pennsylvania DOC for service of his 2-9 year state term.

Hayes was paroled to his March 25, 2004 federal sentence on July 26, 2005, and placed in the BOP's custody on September 25, 2005. A sentence computation was prepared at that time reflecting the commencement date of Hayes' federal sentence as July 26, 2005, the date he was paroled from his state sentence to his federal sentence. Thereafter, on November 29, 2006, the federal sentencing court recommended that the BOP consider listing Hayes' commencement date as March 20, 2003, but the recommendation was not followed at that time. On August 5, 2010, Hayes' sentence was reduced pursuant to the granting of his motion to reduce sentence. The BOP later recalculated Hayes' sentence after the instant habeas petition was filed, and found the federal sentence to have commenced on March 25, 2004, the date it was imposed, or the earliest date it could permissibly be imposed. Based upon the foregoing, it is clear that Hayes' sentence has been calculated to commence on the date it was imposed, March 25, 2004, which is the earliest date that his sentence could commence pursuant to 18 U.S.C. § 3585(a).

B. **Sentence credit**

With respect to the issue of prior custody credit, it is the BOP and not the sentencing court which determines if jail credits should be granted towards a federal sentence. United States v. Wilson, 503 U.S. 329, 333-35 (1992). A federal defendant is entitled under certain circumstances to "jail time credit" as governed by 18 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

<u>that has not been credited against another sentence</u>.

18 U.S.C. § 3585(b)(emphasis added). "Congress made clear that a defendant could not receive a double credit for his detention time." <u>Wilson</u>, 503 U.S. at 337. When calculating credit for time accrued in custody "[t]he BOP may not give credit for time spent in state custody prior to sentencing in a federal case because 18 U.S.C. § 3585(b) prohibits this double credit." <u>Taylor</u>, 309 F. App'x at 593 (citing <u>Wilson</u>, 503 U.S. at 337). <u>See</u> <u>also</u> <u>Chambers</u>, 920 F. Supp. at 622.

As noted above, Hayes received prior custody credit from February 26, 2003 (the date he was arrested by state authorities), through June 10, 2003 (the day before he was sentenced in the Franklin County Court of Common Pleas on state criminal charges). This prior custody credit was awarded under the authority of <u>Willis v. United States</u>, 438 F.2d 923, 925 (5th Cir. 1971). Pursuant to <u>Willis</u>, double credit is permitted when a defendant's state sentence runs concurrently with a longer federal sentence. In such circumstances, time spent in presentence state custody up until the date the state sentence is imposed is credited toward time served on the federal sentence, even if the defendant is also receiving credit on his state sentence for the same period of time.

Further, Hayes received credit toward his state sentence for the period of time from June 11, 2003 (the date he was sentenced in state court) through July 26, 2005 (the date he was paroled from his state sentence), and therefore, this time cannot be credited to his federal sentence. All time thereafter has been credited toward his federal sentence. For these reasons, the Court will deny Hayes' petition for writ of habeas corpus in that he has received all credit to which he is due. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEDRIC HAYES,** | : | CIVIL NO. 1:CV-10-2119 |
| **Petitioner,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **RICARDO MARTINEZ,** | : | |
| **Respondent** | : | |

# O R D E R

AND NOW, this 3rd day of February 2012, upon consideration of the petition for writ of habeas corpus (Doc. No. 1), and for the reasons stated in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **denied**.

2. The Clerk of Court is directed to close this case.

                                            S/ Yvette Kane
                                            YVETTE KANE, Chief Judge
                                            Middle District of Pennsylvania